IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SHEIK TEHUTI, Executor for the Fahamme Nation of Nations a Non Profit Church and Foundation, <br> Plaintiffs, <br> VS. <br><br> MICHAEL W. ZIENTZ, dba Bank of New York Mellon Trust Company, a Corporation National Association, formerly know as The Bank of New York Trust Company, N.A. as Successor to JP Morgan Chase Bank, <br> Defendants | § § § § § § § § § § § § § § § § § CIVIL ACTION NO. 4:16-CV-187-Y |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

In this case, Plaintiffs have filed a civil case with an application/motion for leave to proceed *in forma pauperis*. Resolution of the motion was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Miscellaneous Order No. 6.[1] The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This case is a new civil action, although it includes as an exhibit papers showing that it raises challenges to the pendency of a suit in the Justice of the Peace Court-Precinct 8, Tarrant

---

[1] Order for the Adoption of Rules for the Exercise of Powers and Performances of duties by United States Magistrate Judges, signed May 5, 2005.

County, Texas in cause number JP08-16-E00085117. (doc. 2, at 14-18[Exhibit A]).

B. PARTIES

The party plaintiffs are identified as Sheik Tehuti as Executor for the Fahamme Nation of Nations a Non-Profit Church and Foundation. The first listed defendant is Michael W. Zientz.

C. LEGAL ANALYSIS

Plaintiffs accompanied the complaint with an application/motion to proceed in forma pauperis under 28 U.S.C. § 1915 *et. seq.* Although the document lists "Sheik Tehuti as Executor for the Fahamme Nation of Nations a Non Profit Church and Foundation," it is completed with information under the name of and for Sheik Tehuti. After review and consideration, it appears the motion as filed, must be denied.

First, 28 U.S.C. § 1915, providing for appearances in forma pauperis, by its own language, is limited to "persons." *See* 28 U.S.C.A. § 1915(a)(1)(West 2006)("[A]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment . . . by a *person* who submits an affidavit . . . .")(emphasis added). The Supreme Court has held that a only a natural person may qualify for treatment in-forma-pauperis under § 1915. *See Rowland v. California Men's Council, Unit II Men's Advisory Council,* 506 U.S. 194, 196, 199-206 (1993)(holding that an association of prison inmates did not qualify as a "person" under § 1915, and expressly rejecting the argument that "person" in the context of § 1915 could include corporations, associations, and

partnerships as well as individuals); *see generally Dailey v. R & J Commercial Contracting, et al.*, No. C2-01-403, 2002 WL 484988, at *5 (S.D. Oh. March 28, 2002)(holding that a corporation is not a "person" within meaning of § 1915, and thus not authorized to file a civil action in United States District Court without paying the required filing fee). Because the in-forma-pauperis motion pending in this case is styled, in part, on behalf of an organization, and not a natural person, the in-forma-pauperis motion must be denied.

Also, this suit was filed by Sheik Tehuti as "Executor for the Fahamme Nation of Nations a Non-Profit Church and Foundation," and the complaint purports to make claims on behalf of such an entity. Since Sheik Tehuti has not shown that he is a licensed attorney, he may not represent the Fahamme Nation of Nations a Non-Profit Church and Foundation in court.[2] And, an organization cannot proceed *pro se* in this litigation.[3] Thus, for these additional reasons, the motion/application to proceed in forma pauperis should be denied.

---

[2] Although a party may proceed personally, a party is not allowed to have an unlicensed lay assistant act as an attorney under the banner of conducting his own defense. *See Martin v. City of Alexandria*, 198 F. App'x. 344, 346 (5th Cir. July 17, 2006)(citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause")); *see also Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978)("[I]ndividuals not licensed to practice law by the state many not use the 'next friend' device as an artifice for the unauthorized practice of law"); and *In re Moody*, 105 B.R. 368, 370 (S.D.Tex. 1989)(unlicensed layman are not permitted to represent anyone other than themselves).

[3] *See Southwest Express Vo. V. Interstate Commerce Comm'n*, 670 F.2d 53, 55-56 (5th Cir. 1982)(a corporation can appear in court only through an attorney at law); *Amoco Prod. Co. V. Aspen Group*, 25 F.Supp. 2d 1162, 1166 (D. Colo. 1998)("It has been the law, for the better part of two centuries, that corporations, partnerships, and unincorporated associations may appear in federal court only through a licensed attorney")(citation omitted); *see also Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989)(applying rule to nonprofit corporation formed by prison inmates).

3

RECOMMENDATION

For all of the above reasons, it is therefore RECOMMENDED that the motion/application to proceed in forma pauperis [docket no. 4] be DENIED by the district judge.

It is further RECOMMENDED that the district judge inform Plaintiffs that the complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b), unless Plaintiffs pay to the clerk of Court the filing and administrative fees of $400.00[4] within seven (7) days after the district judge's order.

NOTICE OF RIGHT TO OBJECT TO PROPOSED
FINDINGS, CONCLUSIONS AND RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. See 28 U.S.C. § 636(b)(1). Failure to

---

[4]In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee for filing a civil action in district court of $50. See 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

4

file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. See *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is ORDERED that Plaintiff is granted until March 22, 2016 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and is hereby, RETURNED to the docket of the United States District Judge.

SIGNED March 8, 2016.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

5